IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| DAFYIK HEALTHCARE SERVICES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-09-924 |
| | § | |
| KATHLEEN SEBELIUS, as Secretary of the | § | |
| UNITED STATES DEPARTMENT OF | § | |
| HEALTH AND HUMAN SERVICES | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Before the Court, with the consent of the parties, is Plaintiff Dafyik Healthcare Services' action pursuant to 42 U.S.C. § 1395ff(b) and § 405(g), requesting judicial review of a final decision of the Medicare Appeals Council concerning the allegedly erroneous payment for durable medical equipment (*e.g.*, electric wheelchairs), which has resulted in a determination that there was an overpayment of medicare benefits to Dafyik. Plaintiff filed a Motion for Summary Judgment and Memorandum in Support of the Motion. (Document Entry ("Dkt.") No. 17). Defendant also filed a Motion for Summary Judgment (Dkt. No. 22), to which Plaintiff filed a Response. (Dkt. No. 23). After considering the cross motions for summary judgment, the administrative record, and the applicable law, this Court, for the reasons set forth below, concludes that Defendant's Motion for Summary Judgment should be **DENIED**, that Plaintiff's Motion for Summary Judgment should be **GRANTED**, and that this action should be remanded to the Medicare Appeals Council for further proceedings consistent with this Opinion and Order.

## I. BACKGROUND

The Plaintiff, Dafyik Healthcare Services ("Dafyik"), was a supplier of durable medical equipment ("DME"), and, in particular, power-operated wheelchairs. Dafyik supplied electric wheelchairs to numerous Medicare beneficiaries from Texas and several surrounding states from December 16, 2002 through January 26, 2004. Dafyik then submitted the claims to Medicare on behalf of the beneficiaries and was paid. Thereafter, in accordance with the Medicare provisions, the regional Medicare program administrator conducted an audit of the claims submitted. The audit revealed that the claims documentation submitted by Dafyik did not support the medical necessity of the electric wheelchairs for some of the beneficiaries. Thus, the Department of Health and Human Services ("DHHS"), the department that oversees the Medicare program, determined that Dafyik owed the Government a chargeback in the amount of $336,549.05. Dafyik Healthcare disputed the determination, but its protests were rejected.

Following the administrative remedies afforded it, Dafyik requested a hearing before an Administrative Law Judge ("ALJ"). On August 16, 2007, the ALJ sent notice that the hearing would be held on September 6, 2007. Although represented by counsel, the notice was sent directly to Dafyik. (Tr. 65-68).[1] Thereafter, in letters dated August 24 and August 28, 2007, Dafyik's attorney sent a letter to the ALJ advising the ALJ that he represented Dafyik (*See* Tr. 91) and that his client had just advised him that he had received the notice of the scheduled hearing. Dafyik's attorney also requested a limited, sixty (60) day continuance in order to obtain the master file, to attempt to locate and contact some or all of the 78 relevant beneficiaries to discuss the

---

[1] "Tr." refers to the transcript of the administrative record.

medical necessity of the DME, and to prepare for the hearing. (Tr. 72, 84). The ALJ denied the attorney's request for continuance and informed him that the file, which was located in Florida, would be made available for him so he could arrange for copies. (Tr. 61-64). Dafyik's counsel objected to the ALJ's denial of the continuance, objected to the inability to present any new evidence, and objected that the ALJ's office refused to copy the record in its existing form given that he was located in Texas. (Tr. 76-77).

In accordance with the notice, a telephone hearing was held on September 6, 2007. (Tr. 2434-2478). Dafyik was represented by attorneys Victor Makris and Justo Mendez at the hearing. (*Id.*). During the telephonic hearing, the ALJ heard testimony from Ifeanyi Onyekwena "Mr. David", the owner of Dafyik Healthcare. (*Id.*). Thereafter, in an opinion issued on October 1, 2007, the ALJ ruled against Dafyik by determining that the Medicare claims were paid erroneously because the documentation did not establish that any of the electric wheelchairs supplied to the Medicare beneficiaries was medically necessary under Medicare Part B and, as a result, Dafyik was overpaid. (Tr. 32-40). Thus, the ALJ concluded that "the Fair Hearing decision issued on December 29, 2005, is **AFFIRMED**" and "[t]he Medicare Contractor is **DIRECTED** to process the claim [in the amount of $336,549.05] in accordance with this decision." (Tr. 40).

Dafyik appealed the ALJ's determination, but the Medicare Appeals Council denied its request for review. (Tr. 1-9; 19). The decision of the ALJ thereby became the final decision of the Secretary, and it is from this final decision that the appeal has been taken pursuant to 42 U.S.C. §§ 1395ff(a), (b) and 405(g).

Dafyik filed this action seeking judicial review of the final determination by the Defendant, the Secretary of Health and Human Services ("Secretary"), that it was overpaid $336,549.05 in Medicare reimbursement for electric wheelchairs sold between December 16, 2002 and January 26, 2004.  Dafyik moves for summary judgment on the ground that the administrative decision contains an error of law and because the decision is not supported by substantial evidence.  (Dkt. No. 17 at 1).  In particular, Dafyik contends that the Secretary's decision is not supported by substantial evidence for the following reasons: (1) it calculated the total amount of overpayment without properly crediting Dafyik with amounts that had already been refunded; (2) it calculated the total amount of overpayment based on duplications of claims; and (3) it failed to credit Dafyik with approximately $106,716.31 in unpaid invoices for other claims submitted during the time period in question.  Dafyik also contends that it was without fault for the overpayments because it could not have known that the DME would be rejected without more than a certificate of medical necessity ("CMN").  Finally, Dafyik contends that the flawed investigation by the Secretary and the failure of the ALJ to grant the continuance that it requested before the hearing to review the documentation and conduct its own investigation, compounded the problems reflected in the decision.

The Secretary also moves for summary judgment.  The Secretary maintains that substantial evidence exists that the payments for electric wheelchairs for the 78 beneficiaries was erroneous because Dafyik did not properly document the transactions for purposes of determining "medical necessity"; and that the payments were not without fault by Dafyik.  (Dkt. No. 22).  Dafyik responds that it submitted adequate documentation to support the payment of benefits because the law does not require it to submit more than a CMN and that the Secretary attempted to undermine

Mr. David's credibility by referring to the now criminal conviction of one of the prescribing doctors when there is no evidence in the record to support that the doctor was convicted of Medicare fraud until after all the prescriptions had been issued. (Dkt. No. 23).

In reviewing the parties respective Motions, the Court considers the evidence as set forth in the administrative transcript, Volumes I-V, pages 1 through 2495. (Dkt. No. 13). There is no dispute as to the facts contained therein.

## II. DISCUSSION

### A. Standard of Review

Similar to a court's review of claims for benefits under the Social Security Act, judicial review of a final decision of the Secretary denying a provider/supplier's claim for Medicare claims reimbursement is governed by 42 U.S.C. § 405(g).[2] 42 U.S.C. § 1395ff(b); *Frith v. Celebrezze*, 333 F.2d 557, 560 (5th Cir. 1964). Thus, employing the same standards, a federal court will review the Secretary's denial of benefits only to ascertain whether (1) the final decision is supported by substantial evidence and (2) the Commissioner used the proper legal standards to evaluate the evidence. *Estate of Morris v. Shalala*, 207 F.3d 744 (5th Cir. 2001). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence is "more than a scintilla" and

---

[2] Title 42, Section 405(g) limits judicial review of the Commissioner's decision as follows: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Act specifically grants the district court the power to enter judgment, upon the pleadings and transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security with or without remanding the case for a rehearing" when not supported by substantial evidence. 42 U.S.C. § 405(g) (2000).

less than a preponderance. *Id.* A court may not overturn the Secretary's decision if it is supported by substantial evidence and correctly applies the law. *Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2001); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

Further, notwithstanding the deferential standard of review, an ALJ has a duty to fully and fairly develop the record. *See Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (recognizing duty in review of social security determinations); *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (same). "When [the ALJ] fails in that duty, he does not have before him sufficient facts on which to make an informed decision" and, therefore, "his decision is not supported by substantial evidence." *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). Thus, when an ALJ fails to fully and fairly develop the record and this failure results in prejudice to the claimant, reversal is warranted. *See Brock*, 84 F.3d at 728; *Kane*, 731 F.2d at 1220.

Conflicts in the evidence are for the Secretary to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case *de novo*, or substitute its own judgment for that of the Secretary, even if it finds that the evidence preponderates against the Secretary's decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court will, however, set aside a determination if it is not supported by substantial evidence and will correct errors of law. *Dellolio v. Heckler*, 705 F.3d 123, 125 (5th Cir. 1983).

## B. Substantial Evidence Does Not Support ALJ Determination

The Government is, of course, entitled to recover for amounts that are overpaid to a supplier for DME. *See generally*, *Mount Sinia Hosp. of Greater Miami, Inc. v. Weinberger*, 517 F.2d 329 (5th Cir. 1975) (recognizing Medicare's right to recoup amount of improperly paid claims). However, substantial evidence must exist in the record that supports that overpayments were, in fact, made. In addition, substantial evidence must exist in the record that supports the total amount of the overpayment that the Secretary claims she is entitled to recover. *See id.*

In the present case, the Secretary determined the electric wheelchairs supplied to the 78 beneficiaries by Dafyik were not medically necessary and, as a result, Dafyik was overpaid $336,549.05 for these claims. Having reviewed the voluminous administrative record in this case, the Court concludes the ALJ failed in his duty to develop the record and, as a result, substantial evidence does not exist in the record to support the conclusion that the electric wheelchairs were not medically necessary for any of the beneficiaries. For example, based on the investigation of the claims, the ALJ noted that one of the doctors did not exist, despite Dafyik's contentions that the doctor's information had been miscoded from "E" to "F", and there is no evidence in the record that the investigator contacted Dr. Thomkins in Oklahoma to determine if he had, consistent with Dafyik's contentions, written the prescriptions for the DME. In addition, while the investigation reflected that no response was received from another prescribing doctor, there is no acknowledgment, as urged by Dafyik, that the reason for this lack of response was due to the fact that this doctor either retired or for some reason stopped practicing medicine in 2005. Further, the ALJ's determination appears to rely heavily on the fact that two of the prescribing doctors, Drs. Callie Hall-Herpin and Robert Healing, were designated as "Auto-deny" in the Medicare

system; however, there is no indication in the record of when either of these doctors was placed on the list and, based on the existing documentation, Dr. Hall Herpin was only later indicted and convicted of Medicare fraud. These failures to develop the record prejudiced Dafyik. Substantial evidence also does not exist in the record to support the accuracy of the Secretary's determination of the total amount of claimed overcharges–namely, $336,549.05. For example, as urged by Plaintiff, there appears to be duplication in beneficiaries when considering the amount of overpayments; amounts that were previously refunded to the Secretary were never taken into account; and amounts that have not yet been paid for the time period in question have not been considered in calculating (or offsetting) the total amount of overcharge. The Secretary appears to suggest that this is merely an accounting problem that can be resolved without the need to remand the case; however, the Court is not convinced, given the nature of these issues, that this avenue would afford Dafyik a proper safeguard to ensure that the proper amount of the overcharge is calculated.

### C.  Failure to Grant A Continuance

As a final point, Dafyik, through its attorney, maintains that the ALJ erred by failing to grant the requested 60 day continuance in this case and that this error compounded the failure to credit the refund and resulted in the duplications being ignored. As a general rule, a determination regarding whether to grant a continuance is within the sound discretion of the judge and, absent an abuse of that discretion, that determination will not be disturbed. *See generally*, *U.S. v. Hickerson*, 489 F.3d 742, 745 (5th Cir. 2007); *Zhong Wei Sun v. Mukasey*, 305 Fed.Appx. 240, *1 (5th Cir. 2008). The Court, having reviewed the procedural history in this case (as detailed above), cannot help but conclude that had Dafyik's attorney been granted the continuance, he would have had the opportunity to investigate and contact some, if not all, of the 78 beneficiaries

to whom the electric wheelchairs were provided and to expose the errors in the ALJ's decision. Therefore, while the Court does not make this decision lightly, it cannot help but conclude that the ALJ abused his discretion in failing to grant the limited continuance in this case.

## CONCLUSION

Considering the record as a whole, this Court concludes that the ALJ abused his discretion in failing to grant the limited continuance and that the Secretary's decision is, as a result, not supported by substantial evidence. Accordingly, it is the **ORDER** of this Court that the Defendant's Motion for Summary Judgment (Dkt. No. 22) is **DENIED**, that Plaintiff's Motion for Summary Judgment (Dkt. No. 17) is **GRANTED** and that this action is **REMANDED** to the Secretary for further consideration consistent with this Order.

**DONE** at Galveston, Texas, this ____14th____ day of October, 2010.

John R. Froeschner
United States Magistrate Judge